## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE IOVANCE BIOTHERAPEUTICS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:17-cv-01806-LPS<br><br>(Consolidated with No. 1:18-cv-00469) |
| This Document Relates To:<br><br>ALL ACTIONS. | **EXHIBIT E** |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on July 2, 2020, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated December 27, 2019, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties to the Action.

3.    The Court finds that the Notice provided to Iovance stockholders constituted the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4.    The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Iovance and its stockholders.

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. 1:17-cv-01806-LPS

5.     The Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.     Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all derivative claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.     Except as set forth in paragraph 5.2 in the Stipulation, upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including claims related to Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action, or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8.     During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes.

9.     The Court hereby approves the sum of $500,000 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Action ("Fee and Expense Amount"), and finds that the Fee and Expense Amount is fair and reasonable.  No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement.  The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. 1:17-cv-01806-LPS

10. The Court hereby approves a service award of $1,500 to each of the Plaintiffs to be paid out of the Fee and Expense Amount.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

12. The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in the Stipulation; and (iii) in any action to enforce the Settlement.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. If for any reason the Effective Date does not occur, or if the Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms, then: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Action as of December 27, 2019; (b) all releases delivered in connection with the Stipulation shall be null and

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. 1:17-cv-01806-LPS

void, except as otherwise provided for in the Stipulation; (c) the Fee and Expense Amount paid to

Plaintiffs' Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all

negotiations, proceedings, documents prepared, and statements made in connection herewith shall

be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission

by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any

purpose in any subsequent proceeding in the Action, or in any other action or proceeding.  In such

event, the terms and provisions of the Stipulation shall have no further force and effect with respect

to the Settling Parties and shall not be used in the Action or in any other proceeding for any

purpose.

14.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby

finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to

perform its terms to the extent the Settling Parties have not already done so.

15.     This Judgment is a final judgment, and the Court finds that no just reason exists for

delay in entering the Judgment in accordance with the Stipulation.  Accordingly, the Clerk is

hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules

of Civil Procedure.

**IT IS SO ORDERED.**

DATED: July 2, 2020

_____
HONORABLE LEONARD P. STARK
U.S. DISTRICT JUDGE

1376393